UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>WILLIS LEWIS *and* BRITTANY JONES,<br><br>*Defendants*. | Case No. 1:19-cr-307-RCL |

## MEMORANDUM OPINION

Defendants Willis Lewis and Brittany Jones are charged with several offenses related to their alleged conspiracy to engage in the sex trafficking of minors. Lewis and Jones were charged in the same indictment for this overarching conspiracy and are joined for trial under Federal Rule of Criminal Procedure 8(b). Even if their joinder under Rule 8(b) is proper, Rule 14 allows a court to sever co-defendants' trials if a consolidated trial would prejudice a particular defendant. Both Lewis and Jones move to sever their trials, proffering various theories of prejudice. Lewis's Mot., ECF No. 61; Jones's Mot., ECF No. 78. The government opposes both motions to sever. *See* ECF Nos. 69 & 82. After reviewing the parties' filings, the record, and the applicable law, the Court will **DENY** both motions to sever.

### I. BACKGROUND

Lewis and Jones are both charged with offenses related to their conspiracy to traffick two minors, Z.S. and T.H.Y., and transport them over state lines for commercial sex work. Superseding Indictment, ECF No. 23. The operative Superseding Indictment alleges thirteen counts relevant here:

> Counts I and II: Sex trafficking by force, in violation of 18 U.S.C. § 1591(a)(1), (a)(2), and (b)(1).
>
> Count III and IV: Sex trafficking of a minor, in violation of 18 U.S.C. § 1591(a)(1), (a)(2), and (b)(2).

1

>Count V: Conspiracy to sex traffick minors, in violation of 18 U.S.C. § 1594(c).
>
>Count VI and VII: Transportation of a minor with intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a).
>
>Count VIII: Conspiracy to transport minors with intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(e).
>
>Count IX and X: Transportation, in violation of 18 U.S.C. § 2421(a).
>
>Count XI: Interstate travel and transportation in aid of racketeering, in violation of 18 U.S.C. § 1952(a)(3)(A).
>
>Count XII: Unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).
>
>Count XIII: Obstruction of 18 U.S.C. § 1591, in violation of 18 U.S.C. § 1591(d).[1]

Superseding Indictment 2–9. Jones is charged in Counts III, IV, V, VI, VII, VIII, and XI. Lewis is charged in all counts listed above. Originally, additional co-defendants were charged; now, only Lewis and Jones face trial.

Lewis moves to sever his trial from Jones's trial. Lewis's Mot. 1. He argues that severance is required because (1) he would suffer a *Bruton* violation[2] if Jones's statements were introduced; (2) there is more evidence against Jones than against Lewis and this disparity of evidence would prejudice him; and (3) Lewis's defense will conflict with Jones's defense. *Id.* Jones moves to sever her trial from Lewis's and moves to sever certain counts she alleges were improperly joined. Jones's Mot. 1. The government opposes. *See* ECF Nos. 69 & 82. These motions are now ripe.

---

[1] The superseding indictment alleged two other counts. Count XIV was charged solely against Ronda Manns, who is no longer a co-defendant in this case. Count XV has been severed. *See United States v. Lewis*, No. 1:19-cr-307 (RCL), 2021 WL 2809819, at *9 (D.D.C. July 6, 2021).

[2] *See Bruton v. United States*, 391 U.S. 123 (1968).

## II. LEGAL STANDARDS

### A. Joinder

An indictment may charge multiple defendants together "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). It is "difficult to prevail on a claim that there has been a misjoinder" in the D.C. Circuit—as long as there is a "logical relationship between the acts or transactions within the series," joinder is proper under Rule 8(b). *United States v. Nicely*, 922 F.2d 850, 853 (D.C. Cir. 1991). Courts construe Rule 8(b) "broadly in favor of joinder." *United States v. Williams*, 507 F. Supp. 3d 181, 194 (D.D.C. 2020).

An indictment may also join multiple charges in the same pleading. The D.C. Circuit has held that Rule 8(b) also governs the joinder of offenses in multidefendant cases. *See, e.g.*, *United States v. Brown*, 16 F.3d 423, 427 (D.C. Cir. 1994). There must be a "logical relationship between the acts or transactions within the series" for offenses to be properly joined under Rule 8(b). *United States v. Perry*, 731 F.2d 985, 990 (D.C. Cir. 1984). Put it other words,

> it is not enough for offenses to be similar in nature (like two burglaries); they must be related. For example, joinder of offenses under Rule 8(b) is appropriate when "defendants are charged with conspiracy to conceal a crime that [other defendants] are charged with committing," or when "some defendants are charged with transporting stolen goods in interstate commerce and others are charged with receiving the goods, so stolen and transported."

*United States v. Lewis*, No. 1:19-cr-307 (RCL), 2021 WL 2809819, at *3 (D.D.C. July 6, 2021) (quoting *Perry*, 731 F.2d at 990) (internal citations omitted).

### B. Severance of Prejudicial Joinder

Even if a court finds that offenses or defendants were properly joined under Rule 8, severance may be appropriate under Rule 14 if "the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). The

defendant seeking severance under Rule 14 carries the burden of demonstrating that failure to sever would result in prejudice. *United States v. Gooch*, 665 F.3d 1318, 1336 (D.C. Cir. 2012). Severance under Rule 14 is appropriate only "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

### III. DISCUSSION

Lewis challenges his joinder with Jones for trial. He argues that, though joinder was proper under Rule 8(b), failure to sever will compromise his trial rights. Lewis's Mot. 1. Jones, on the other hand, argues both (1) that joinder of some of the offenses here was improper under Rule 8(b) and (2) that failure to sever certain offenses and her trial from Lewis will compromise her trial rights. Jones's Mot. 1. In response, the government argues that joinder was proper and that no trial rights will be compromised. ECF No. 82 at 9; ECF No. 69 at 5–7. The government also emphasizes the D.C. Circuit's policy "favoring joint trials of defendants indicted together." ECF No. 82 at 9 (quoting *United States v. Sutton*, 801 F.2d 1346, 1365 (D.C. Cir. 1986)). For the reasons below, the Court will **DENY** both Lewis's and Jones's motions.

#### A. Lewis's Motion to Sever

Lewis does not dispute that he and Jones are properly joined for trial pursuant to Rule 8. To succeed in his motion to sever under Rule 14, he must show that that he will be prejudiced by a joint trial, *Gooch*, 665 F.3d at 1336, by demonstrating a "serious risk that a joint trial would compromise a specific trial right . . . or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. Lewis argues that (1) a joint trial will violate his Confrontation Clause rights, (2) a joint trial will prejudice him based on the disparity of evidence between him and his co-defendant, and (3) Jones will act as a "second prosecutor" during their joint trial. Lewis's Mot. 1–4. But the Court finds his arguments meritless.

4

While the Confrontation Clause forbids the prosecution from introducing a statement by a non-testifying co-defendant that expressly implicates a defendant, *Bruton v. United States*, 391 U.S. 123, 137 (1968), the mere proffer of a statement that implicates *Bruton* "does not automatically require severance." *United States v. Ford*, 155 F. Supp. 3d 60, 68 (D.D.C. 2016) (quoting *United States v. Brodie*, 326 F. Supp. 2d 83, 95 (D.D.C. 2004)). When "(1) the jury is instructed to consider the confession against the declarant only, and (2) redactions are made such that the statement, together with other trial evidence, neither expressly identifies defendants nor creates any inevitable association between them and the criminal activity the statement describes, there is no Sixth Amendment violation." *Id.* Lewis has not identified any specific statements made by Jones (his only remaining co-defendant) that cannot be redacted to avoid expressly implicating him. The government represents that "redactions can be made to either remove [his] name and/or any other 'obvious pointers' to [his] identity" from any of Jones's statements. ECF No. 110 at 3. Combined with a "proper limiting instruction" and court-approved redactions that prevent any statements creating an "inevitable association with" Lewis, Lewis's Confrontation Clause rights will not be violated. *United States v. Washington*, 952 F.2d 1402, 1407 (D.C. Cir. 1991); *see Brodie*, 326 F. Supp. 2d. at 95 (denying severance because *Bruton* can be "complied with by redaction" (quoting *Richardson v. Marsh*, 481 U.S. 200, 206 (1987)).

Severing a defendant due to prejudice may be proper when defendants have "markedly different degrees of culpability." *Zafiro*, 506 U.S. at 539. This requires more than a showing that a defendant "might have a better chance of acquittal if tried separately." *United States v. Manner*, 887 F.2d 317, 324 (D.C. Cir. 1989). Instead, evidence against one defendant must be "'far more damaging' than evidence against the other defendant." *Id.* (quoting *United States v. Tarantino*, 846 F.2d 1384, 1398 (D.C. Cir. 1988)). There must be disparities in the "weight, quantity, or type" of

evidence against the moving defendant and other co-defendants such that a jury could not "reasonably compartmentalize the evidence introduced against each individual defendant." *United States v. Halliman*, 923 F.2d 873, 884 (D.C. Cir. 1991) (quoting *Manner*, 887 F.2d at 317 and *United States v. Hernandez*, 780 F.2d 113, 119 (D.C. Cir. 1986)).

Lewis argues that the evidence the government intends to introduce against Jones is "clearly and significantly more inculpatory than the evidence it intends to introduce against" him. Lewis's Mot. 3. This Court disagrees. In support of his claim, Lewis highlights only that he did not assist Jones in photographing Z.S. and T.H.Y. for commercial sex advertisements. Lewis's Mot. 3. But Lewis is charged with more counts in the indictment than Jones and the government has consistently pointed a finger at Lewis for his major role in the conspiracy. For example, the government alleges that Lewis forced Z.S. and T.H.Y. to sign loyalty contracts, stole 30% of their earnings, and drove Z.S. and T.H.Y. to multiple apartments and hotels to perform commercial sex acts. *See, e.g.*, ECF No. 8 at ¶¶ 10–13. His conclusory statement that the evidence against him is less inculpatory than the evidence against Jones does not fulfill his burden to prove he would be prejudiced without severance.

Severance may also be required when "co-defendants rely on defenses that are mutually contradictory." *Tarantino*, 846 F.2d at 1399. For severance to be required, there must be an "irreconcilable inconsistency" between the two defenses. *Manner*, 887 F.3d at 326. It is not enough that a "codefendant's testimony [is] damaging to [a co-defendant's] defense," that "codefendants implicate each other," or that a defense is "contradicted by a second defendant's defense." *United States v. Gilliam*, 167 F.3d 628, 635 (D.C. Cir. 1999). Instead, for severance to be required, the inconsistency between two defenses must be so contradictory that it would "logically require a jury to find [one defendant] guilty if it acquitted [the other]." *Tarantino*, 846 F.2d at 1399 (quoting

*United States v. Wright*, 783 F.2d 1091, 1095 (D.C. Cir. 1986)). Though Lewis notes that Jones will "attempt to portray Mr. Lewis as the primary actor in this incident" to exonerate herself, Lewis's Mot. 5, such a defense is not irreconcilably inconsistent with his defense (presumably that he is innocent). A jury could still "believ[e] either defense or . . . believ[e] that neither defense [is] entirely accurate." *Gilliam*, 167 F.3d at 628. The Court will not grant severance based on the alleged conflict between Lewis's and Jones's defenses.

Mutual antagonism between defenses can also prejudice a defendant when the co-defendant's counsel "bec[omes] in effect a second prosecutor." *United States v. Wright*, 783 F.2d 1091, 1096 (D.C. Cir. 1986). Lewis argues that Jones's counsel will become an "extra prosecutor" in the guise of counsel, zealously advocating Lewis's guilt to the jury. *United States v. Romanello*, 726 F.2d 173, 179 (5th Cir. 1984). However, this Court has found no example of a court granting severance based on the presence of a "second prosecutor" in this Circuit. And the out-of-Circuit cases Lewis cites all arise in a different procedural posture—they are post-trial opinions, which determine that a co-defendant's counsel *actually acted* as a second prosecutor and remand for a new, severed trial. *See United States v. Crawford*, 581 F.2d 489 (5th Cir. 1978); *Romanello*, 726 F.2d 173 (5th Cir. 1984); *United States v. Tootick*, 952 F.2d 1078 (9th Cir. 1991). Absent any evidence of the defense Jones's actually intends to bring or her theory of the case beyond placing Lewis as a "primary actor," Lewis's Mot. 5, Lewis has not fulfilled his burden of showing that he will be prejudiced based on a "second prosecutor." Before the trial itself, this argument is merely a riff of the mutually contradictory defenses argument and is rejected for the same reasons.

Lewis has not fulfilled his burden to show that he would be prejudiced by a joint trial with Jones. Accordingly, the Court will **DENY** his motion to sever.

### B. Brittany Jones's Motion To Sever

Jones, the other remaining co-defendant, moves to sever certain offenses in the indictment and to sever her trial from Lewis. Jones's Mot. 5–7.[3] Jones first argues that the obstruction and firearm offenses (Counts XII and XIII) alleged against Lewis are distinct from sex-trafficking offenses and are improperly joined. *Id.* at 2–3. Like Lewis, Jones also argues that she will be prejudiced if they are tried jointly because their defenses are "apt to be antagonistic." *Id.* at 6. For the below reasons, this Court finds that joinder in this case was proper and that Jones will not be prejudiced by a joint trial with Lewis.

#### 1. Counts XII and XIII Were Properly Joined And Do Not Prejudice Jones

While Jones does not anchor her arguments to specific case law, she generally alleges that certain counts against "some of the co-defendants are not of the same character[,] . . . are not based on the same transaction[,] and do not constitute parts of a common scheme or plan." Jones's Mot. 1. For proper joinder of offenses in multidefendant cases under Rule 8(b), there need be a "logical relationship between the acts or transactions within the series." *Perry*, 731 F.2d at 990. The government argues that Jones "does not specify" which particular counts that she believes are improperly joined, but this Court disagrees—she clearly identifies Count XII (possession of a firearm) and Counts XIII (obstruction) as "distinct from the [sex-trafficking] related offense."[4] Jones's Mot. 2–3.

This Court has previously explained why Counts XII and XIII were properly joined under Rule 8(b). First, "the charge for unlawfully possessing a firearm under 18 U.S.C. § 922(g)(1) was

---

[3] The government argues that Jones's motion should be denied because it is untimely. *See* ECF No. 82 at 7. Because the Court denies Jones's motion on other grounds, the Court need not address timeliness, though the Court does note that Jones's original deadline was April 6, 2020, in the first weeks of the global COVID-19 lockdowns.

[4] While Jones also identifies Count XV and Count XIV, Count XV has been severed, *see Lewis*, 2021 WL 2809819, at *9, and Count XIV related solely to Ronda Manns, who is no longer a defendant in this case.

properly joined with the others because Lewis is alleged to have used a firearm to carry out his sex-trafficking venture." *Lewis*, 2021 WL 2809819, at *10. T.H.Y. has alleged that Lewis used the gun to "threaten and intimidate" the girls, and so the charge relates to the sex-trafficking charges—especially Counts I and II, which allege that Lewis trafficked them by "threats of force." *Id.* Second, the obstruction charge "was properly joined under Rule 8(b)" because there is a "logical relationship between one charge alleging the attempted *concealment* of criminal activity and a second charge alleging the *criminal activity itself.*" *Id.* Count XIII alleges that Lewis attempted to cover up his crimes. *Id.* That conduct is "unmistakably related to the underlying sex-trafficking charges." *Id.*

Of course, even if joinder is proper, severance could still be permissible under Rule 14(a) "if the joinder of offenses" prejudiced Jones. *Id.* But Jones does not explain how she would be prejudiced by the joinder of Counts XII and XIII. She cursorily invokes the rule set forth by the D.C. Circuit in *Drew v. United States*. 331 F. 2d 85, 90 (1964); *see* Jones's Mot. 6. There, the D.C. Circuit explained that there is a possibility of prejudice by joinder if "the evidence of [one] of the crimes on trial" would be inadmissible "in a separate trial for the other." *Drew*, 331 F.2d at 90. But even when evidence of one crime would be inadmissible in a separate trial, there is "no prejudicial effect from joinder when the evidence of each crime is simple and distinct." *Id.* As noted above, evidence of Lewis's gun use to intimidate Z.S. and T.H.Y. and force them into sex work will be admissible under Counts I and II (sex trafficking by force)—severing Count XII (the firearm offense) will not prevent that evidence from appearing in trial. Further, while evidence of Lewis's potential obstruction may not be admissible in a trial solely for sex trafficking, obstruction is "simple and distinct." *Drew*, 331 F.2d at 90. This Court finds that the government will be able to "present the [obstruction] evidence in such a manner that . . . the jury will be able to treat the

evidence relevant to each charge separately and distinctly." *United States v. Daniels*, 770 F.2d 1111, 1117 (D.C. Cir. 1985). Once offenses are properly joined, it is Jones's burden to prove prejudice. She has not done so here.

### 2. Jones Will Not Be Prejudiced By A Joint Trial With Lewis

Jones argues that severance under Rule 14(a) is proper here because her and Lewis's defenses will be mutually antagonistic and because "Jones would likely receive the benefit of exculpatory testimony from her co-defendants if they had separate trials." Jones's Mot. 4–5. The government disagrees that Lewis would raise an antagonistic defense and disputes her contentions regarding exculpatory testimony. ECF No. 82 at 14. Neither of these alleged prejudices warrant severing her trial from that of her co-defendant.

This Court rejects Jones's contention that Lewis's and Jones's defense will be mutually antagonistic. In fact, while Jones references the "antagonistic defense" standard, she fails to explain how the two defenses will be antagonistic beyond declaring that "[p]rejudice will result." Jones's Mot. 6. Jones also notes that she "may wish to testify" and that her "ability to defend herself is compromised because the jury may draw some adverse inference from that decision." *Id.* at 7. It is unclear what adverse inference Jones is referring to that has any bearing on the severance issue or how her decision to testify would relate to whether she and Lewis should be tried together. Such conclusory statements are insufficient to fulfill Jones's burden to demonstrate that severance is required.

Next, Jones contends that her "co-defendants would be able to provide exculpatory testimony if there were separate trials." Jones's Mot. 7. To establish a *prima facie* case for severance on those grounds, Jones must demonstrate: "(1) a bona fide need for the testimony; (2) the substance of the testimony; (3) the exculpatory nature and effect of the testimony; and (4) the

likelihood that the co-defendant will testify if the cases are severed." *United States v. Ford*, 870 F.2d 729, 731 (D.C. Cir. 1989). If Jones makes that threshold showing, this Court must "(1) examine the significance of the testimony in relation to the defendant's theory of the case; (2) assess the extent of prejudice caused by the absence of the testimony; (3) consider the effects on judicial administration and economy; and (4) give weight to the timeliness of the motion." *Id.* Jones made no required thresholding showing here beyond asserting that her co-defendants would provide exculpatory testimony. Jones's Mot. 7. She does not explain what the testimony would be, why she needs it for her defense, or the likelihood that such testimony is forthcoming. Absent that *prima facie* showing, the Court will not sever her trial from Lewis's trial.

\* \* \*

"There is a strong preference for joint trials in the federal system," *Zafiro*, 506 U.S. at 537, and defendants have failed to prove that a joint trial would prejudice either of them.

## IV. CONCLUSION

Based on the foregoing, the Court will **DENY** Jones's and Lewis's motion by separate order.

Date: 4/11/22

Royce C. Lamberth
United States District Judge

11